IGNATZ OESTERREICHES, APPELLANT *v.* GEORGE W. JONES AND OTHERS, RESPONDENTS.

*Judgment — it is irregular to enter judgment before issues are tried, although a demur-rer to a counter-claim has been sustained.*

In this action, brought to recover damages for injuries occasioned by the defend-ants' neglect, the complaint alleged that the defendants were the owners of a building, a part of which was rented to the plaintiff, and that they opened a place in the roof and carelessly left it unprotected, whereby the rain injured the

plaintiff's goods.  The defendants' answer took issue upon the facts and set up a counter-claim based upon an averment that the plaintiff had, without the defendants' consent, made a structure upon the roof which was against the city ordinance, and that the defendants were compelled to repair it at an expense of $250.  A demurrer interposed to the counter-claim having been sustained the plaintiff entered up judgment thereon, with costs.

*Held*, that an order of the Special Term setting it aside as irregular was properly made and should be affirmed.

*Robinson* v. *Hall* (35 Hun, 214) and *Armstrong* v. *Cummings* (22 id., 570) followed.

APPEAL from an order made at the Kings County Special Term vacating a judgment in favor of the plaintiff on the ground that it was irregularly entered.

*Henry Wehle*, for the appellant.

*Smith & Dougherty*, for the respondent.

BARNARD, P. J.:

The complaint is framed to recover damages of the defendant for injuries inflicted by their neglect, the averment being that they are the owners of a building, a part of which is rented to the plaintiff, and that they opened a place in the roof and carelessly left it unprotected, whereby the rain injured the plaintiff's goods. The answer took issue upon the facts and set up a counter-claim. This counter-claim was based upon an averment that the plaintiff had, without the defendants' consent, made a structure upon the roof, which was against the city ordinance, and that the defendants were compelled to repair it at an expense of $250.  To the counter-claim the plaintiff demurred and had judgment thereon in his favor.  The plaintiffs entered up judgment thereon, with costs. The order at Special Term set aside this judgment.

The moving papers sufficiently indicated the irregularity.  The entry of a judgment while the issues of fact were undisposed of was given as the reason for the motion, which the plaintiff's attorney says he is advised and believes to be irregular.  It was irregular. This was so held in *Robinson* v. *Hall* (35 Hun, 42 N. Y. Sup. Ct., 214) where a portion of the complaint was held bad on demurrer. Judgment was entered thereon, and the court at Special Term set it aside as irregular, citing many authorities.  The same thing was held in *Armstrong* v. *Cummings* (22 Hun, 570).  The demurrer

in this case was to one defense in an answer   The demurrer was sustained, and the court held that the costs were not. capable of assessment.   They were interlocutory and not final, and could not be enforced until the final judgment was rendered.

Order affirmed, with costs and disbursements.

Dykman, J., concurred; Pratt, J., not sitting.

Judgment and order affirmed, with costs.